IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELA ROSS,<br><br>   Plaintiff,<br><br>v.<br><br>POLLACK & ROSEN, P.C. and HUNTER & WARFIELD, INC.<br><br>   Defendants. | Civil Action No.<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:<br><br>Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Angela Ross ("Plaintiff"), by and through her attorneys, alleges the following against Defendants, Pollack & Rosen, P.C. ("Pollack & Rosen") and Hunter Warfield, Inc. ("Hunter Warfield") (collectively "Defendants"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises under 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transact business here; personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Atlanta, Fulton County, Georgia.

5. Defendant Pollack & Rosen is a law firm and debt collector with its principal place of business located at 1825 Barrett Lakes Blvd., Suite 510, Kennesaw, Georgia 30144.

6. Defendant Pollack & Rosen's principal purpose is the collection of debts and regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due by another.  Pollack & Rosen regularly uses the telephone and mail to engage in the business of collecting debt in several states, including Georgia.  Thus, Pollack & Rosen is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7. Defendant Hunter Warfield is a debt collector with its principal place of business located at 4620 Woodland Corporate Blvd, Tampa, Florida 33614.

8. Defendant Hunter Warfield's principal purpose is the collection of debts and regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due by another.  Hunter Warfield regularly uses the telephone and mail to engage in the business of collecting debt in several states, including Georgia.  Thus, Hunter Warfield is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendants are attempting to collect an alleged debt from Plaintiff.

11. Upon information and belief, Hunter Warfield has retained Pollack & Rosen to collect the alleged debt from Plaintiff.

12. In or around 2014, Plaintiff was living in an apartment complex owned or managed by Dunwoody Gables.

13. During this time, Plaintiff lost her job as a teacher and could no longer afford to pay rent.

14. Plaintiff informed Dunwoody Gables that she lost her job and would be seeking to terminate her lease early.

15. Plaintiff moved out and turned her keys into the property manager.

16. Unbeknownst to Plaintiff, she became immediately responsible for payment of three (3) months rent, plus "fees".

17. On information and belief, in or around January 2015, Dunwoody Gables hired Hunter Warfield to collect on the outstanding debt.

18. On or about June 10, 2016, Plaintiff received another letter from Hunter Warfield informing Plaintiff that the account was past due and had been transferred to its pre-litigation department.

19. The letter failed to indicate that Plaintiff's balance was subject to interest and any amount due may not reflect the full amount due to the interest accruing on the debt.

20. Shortly after receiving the June 10 letter, Plaintiff contacted Hunter Warfield to arrange a payment plan to pay off the outstanding debt since she had obtained temporary employment.

21. Hunter Warfield agreed to accept $100 monthly payments.

22. Plaintiff made $100 payments from about June 2016 until August 2017.

23. Hunter Warfield sent monthly statements acknowledging payment and the amount of debt; each letter failed to explain that the total due may not be the amount actually due if Plaintiff paid the full amount shown on the collection letter.

24. Plaintiff paid her last payment to Hunter Warfield in July 2017.

25. On or about August 26, 2017, Plaintiff mailed Hunter Warfield a letter, wherein she explained that her financial situation had changed due to her job contract expiring.

26. The letter further explained that she was only able to pay $50 a month for the next three months and then would proceed to continue making the agreed upon $100 monthly payments in November 2017.

27. Plaintiff requested that Hunter Warfield advise her by (letter or phone) if it agreed to the terms. Plaintiff assumed Hunter Warfield agreed to the new terms if it deposited the check.

28. Upon information and belief, Hunter Warfield received the letter on August 31, 2017.

29. Hunter Warfield did not initially deposit the check and Plaintiff assumed that the new payment terms were not acceptable to Hunter Warfield.

30. Then, unexpectedly, Hunter Warfield deposited the check on or about October 17, 2017.

31. Prior to transferring the account to Pollack & Rosen, Hunter Warfield failed to send Plaintiff monthly statements as required when an outstanding balance is subject to interest.

32. Upon information and belief, Hunter Warfield turned the account over to Pollack & Rosen to collect the account balance despite cashing Plaintiff's check.

33. On or about November 15, 2017, Plaintiff received a letter from Pollack & Rosen informing her that it would now be collecting on the alleged debt.

34. The letter failed to indicate who the original or current creditors were and further stated a lower amount due; Plaintiff was not sure if Pollack and Rosen were collecting on the Hunter Warfield debt.

35. On or about January 5, 2018, due to Plaintiff's continued financial struggles, Plaintiff sent Pollack & Rosen a payment of $5 via certified mail.

36. Upon information and belief, Pollack & Rosen received the payment on January 9, 2018.

37. On January 12, 2018, at 9:37 a.m., Plaintiff called Pollack & Rosen to inquire about her missing $5 payment that she had sent via certified mail.

38. Pollack & Rosen claims it did not receive the payment, despite the tracking receipt being signed by Jerry Castillo.

39. On March 7, 2018, at 2:55 p.m., Plaintiff called Pollack & Rosen to inquire once again about her missing $5 payment and the $50 payment that Hunter Warfield deposited but failed to credit.

40. During this call, Pollack & Rosen requested that Plaintiff send in documentation to evidence that she made the $50 payment and that it was debited from her account.

41. Further, the individual Plaintiff was speaking with during the conversation harassed her, treated her poorly, and even yelled at her regarding the outstanding balance.

42. On or about March 12, 2018, Plaintiff mailed the requested documents via certified mail with signature request.

43. Upon information and belief, Pollack & Rosen received the documents on March 14, 2018.

44. Despite a signed signature attesting to receiving the documents, Pollack & Rosen still claimed it never received the documents and therefore never credited Plaintiff's account with the missing $50.

45. Defendants have continued to misrepresent the amount of debt owed and to properly credit the account.

COMPLAINT AND DEMAND FOR JURY TRIAL

46. Defendants have caused Plaintiff significant emotional distress by harassing her and misleading her as to the status and character of the debt.

## COUNT I

### (Defendants Violated the FDCPA, 47 U.S.C. § 1692 *et seq.*)

47. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) of this Complaint as though fully stated herein.

48. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a. Defendant Pollack & Rosen violated 15 U.S.C. § 1692d by "engag(ing) in …. conduct the natural consequence of which is to harass, oppress, or abuse …. in connection with the collection of a debt.

   b. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of a debt; and

   c. Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the character or legal status of a debt.

49. Pollack & Rosen violated the FDCPA by failing to represent the proper amount actually due and by harassing Plaintiff when she spoke to Pollack & Rosen on the phone.

50. Hunter Warfield violated the FDCPA by misleading Plaintiff as to total amount due on the debt when it failed to disclose that the debt was subject to interest.

51. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt and to mislead and to confuse Plaintiff as to who the alleged debt is owed.

52. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Angela Ross, respectfully requests judgment be entered against Defendants Pollack & Rosen, P.C. and Hunter Warfield, Inc., for the following:

53. Statutory and actual damages pursuant to 15 U.S.C. § 1692k;

54. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

55. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

56. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 27th day of June 2018.

By:*/s/ Benjamin Crumley*
Benjamin Crumley, Esq.
Georgia Bar No.: 199465
CRUMLEY LAW FIRM, P.A.
140 The Lakes Blvd.
Suite 202
Kingsland, GA 31548
T: (912) 673-7499
F: (904) 485-8422
BEN@CWBFL.COM
*Attorney for Plaintiff,*
*Angela Ross*